UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LESLIE BROWN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-CV-0577-CVE-PJC |
| ) | |
| JAMES COLE, JIMMIE CURRAN, ) | |
| TIM HARRIS and SEAN HILL, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Now before the Court is the Motion of James Cole and Jimmie Curran to Dismiss Plaintiff's Complaint and Brief in Support Thereof (Dkt. # 11). Defendants James Cole and Jimmie Curran argue that plaintiff has failed to state a claim against them and, even if plaintiff has stated a claim, they are entitled to qualified immunity as to plaintiff's claims against them in their individual capacity. Plaintiff Leslie Brown, Jr., proceeding pro se,[1] responds that he was falsely arrested and subject to malicious prosecution, and that he has stated claims against defendants under 42 U.S.C. § 1983. Dkt. ## 20, 21. The Court notified the parties that it would convert the motion to dismiss into a motion for summary judgment, and it permitted the parties to submit additional evidence, legal

---

[1] Although plaintiff is proceeding pro se, the Court notes that he was formerly an attorney, but he was disbarred for forging a judge's signature on a court order. State ex rel. Oklahoma Bar Ass'n v. Brown, 863 P.2d 1108 (Okla. 1993). Even though plaintiff was formerly an attorney, the Court will treat plaintiff as it would treat any other pro se litigant. Consistent with Supreme Court and Tenth Circuit precedent, the Court will construe plaintiff's pro se pleadings liberally in ruling on defendants' motion. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002). "Although '[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers,' . . . 'pro se parties [must] follow the same rules of procedure that govern other litigants.'" Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005) (quoting Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994)).

authority, and arguments. See Dkt. # 22. Defendants Cole and Curran submitted a supplemental brief (Dkt. # 23), and plaintiff filed a brief in response to defendants' supplemental brief (Dkt. # 26).

**I.**

On June 26, 2012, an altercation took place at Brown's residence. Brown claims that Samuel Hill had been removed from his residence by Tulsa Police Department (TPD) officers on June 25, 2012, but that Hill returned on the evening of June 26, 2012 and Hill was intoxicated. Dkt. # 1, at 6. Brown alleges that Hill verbally threatened Brown and "swung" at him. Id. Brown states that he "defended himself from [Hill's] unprovoked attack with the use of a tree limb and his fists," and he states that a 911 call was made following the altercation.[2] Id. at 4.

TPD Officer James Cole and Corporal Jimmie Curran responded to the 911 call. Cole spoke with the victim, Hill, who stated that the attack was unprovoked and Brown was trying for force Hill to leave the residence. Dkt. # 21, at 8. Hill claimed that he paid rent to Brown and he had a lawful right to remain in the residence. Id. Brown advised Cole that he "threw the victim out last night," and that Hill came to the residence and threatened him. Id. Brown stated that he picked up a stick and started to hit Hill "all over." Id. Cole noted that Brown did not appear to have been hit or injured during the incident, but Hill had wounds to his face and head. Hill was transported to Hillcrest Hospital for treatment, and Brown was arrested on a felony charge of assault with a dangerous weapon. Id. at 7 (arrest and booking report).

Brown states that he was arrested following an "incomplete and inadequate investigation" by Cole and Curran, and he was taken to the David L. Moss Criminal Justice Center for booking.

---

[2]  Neither the complaint nor the evidence submitted by the parties identifies who made the 911 call.

Plaintiff could not immediately post bond and he remained in custody for five days. Dkt. # 1, at 7. The Tulsa County District Attorney charged plaintiff with misdemeanor assault and battery, but the charge was later dismissed.[3] Plaintiff claims that he was arrested and prosecuted because he is African-American, and the arresting officers intentionally overlooked the fact that Hill was intoxicated at the time of the disturbance. Id. at 5. Plaintiff filed this case alleging claims of false arrest and malicious prosecution against Cole and Curran, and he also alleged a malicious prosecution claim against Tulsa County District Attorney Tim Harris and assistant Tulsa County District Attorney Sean Hill.[4] Plaintiff requested leave to voluntarily dismiss his claims against Harris and Hill, and plaintiff's request was granted. Dkt. ## 16, 19. Defendants Cole and Curran have filed a motion to dismiss (Dkt. # 11) plaintiff's claims against them, and plaintiff filed a response (Dkt. # 20) and a continuation of his response (Dkt. # 21). Plaintiff presented materials

---

[3] Plaintiff repeatedly claims that the criminal charges against him were dismissed because the state court granted his motion to dismiss. From the single page of the motion attached to plaintiff's response, it appears that the motion to dismiss was, in part, based on plaintiff's claim that the state could not obtain the presence of Hill at a preliminary hearing. Dkt. # 21, at 11. The record contains no finding by the state court that plaintiff was acting in self-defense during the altercation or that the charges against plaintiff could not be refiled if Hill were willing to testify.

[4] It is unclear from plaintiff's complaint if he intended to assert claims against defendants in their individual and official capacities. The sole relief sought in the complaint is money damages and this relief is available against state actors only in their individual capacities. See Newton v. Lee, 677 F.3d 1017, 1019 n.1 (10th Cir. 2012). The Court has reviewed the complaint and plaintiff's briefing in response to the motion for summary judgment and, even under a liberal construction of the pleadings, the Court finds that plaintiff has made no attempt to allege claims against defendants in their official capacities. Even if he had alleged such claims, plaintiff seeks only monetary relief and defendants would be immune from such claims under the Eleventh Amendment to the United States Constitution. Johns v. Stewart, 57 F.3d 1544, 1552-53 (10th Cir. 1995) (An official capacity claim against a state actor is treated as a suit against the state, and the state has Eleventh Amendment immunity as to claims for retrospective monetary relief).

3

outside the pleadings, and the Court advised the parties that it would treat the motion as one for summary judgment. Dkt. # 22. The parties were directed to submit additional evidence, legal authority, or argument within 14 days of the Court's order. Cole and Curran filed a supplemental brief (Dkt. # 23) in support of their motion for summary judgment and plaintiff filed his own supplemental brief (Dkt. # 26), but none of the parties submitted additional evidence.

## II.

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 317. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Id. at 327.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could

4

reasonably find for the plaintiff." Anderson, 477 U.S. at 252.  In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 250.  In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir. 1998).

### III.

Defendants argue that they are entitled to qualified immunity from plaintiff's claims against them in their individual capacities, and they also argue that plaintiff has improperly alleged claims against them in their official capacities.[5]  Plaintiff responds that it should have been apparent to police officers that he was defending himself against an intoxicated trespasser and, under Oklahoma law, he was immune from prosecution under the "Stand Your Ground" law.  Dkt. # 21, at 3-4.

Cole and Curran argue that they have qualified immunity from plaintiffs' claims against them in their individual capacities.  The Supreme Court has held that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  Qualified immunity shields public officials from facing the burdens of litigation and is an immunity from suit, not simply a defense to a plaintiff's claims.  Serna v. Colorado Dept. of Corrections, 455 F.3d 1146, 1150 (10th Cir. 2006).  The Tenth Circuit applies a two-step analysis to determine if a defendant is entitled to qualified immunity.  A plaintiff must allege that the defendant's actions violated a specific constitutional right and, if the plaintiff has alleged a constitutional violation, the plaintiff must show

---

[5] The "official capacity" claims are addressed in footnote 4, supra.

5

that the constitutional right was clearly established when the conduct occurred. Toevs. v. Reid, 685 F.3d 903, 909 (10th Cir. 2012). A court has the discretion to consider the steps in whatever order is appropriate under the circumstances. Id. at 910 (citing Pearson v. Callahan, 555 U.S. 223 (2009)). Plaintiffs bear the burden to prove that their constitutional rights were violated and that the law giving rise to their claims was clearly established at the time the acts occurred. Medina v. Cram, 252 F.3d 1124, 1128 (10th Cir. 2001).

Plaintiff claims that police violated his rights under the Fourth Amendment to the United States Constitution because he was unlawfully arrested based on an inadequate investigation by Cole and Curran. The Fourth Amendment protects the "right of the people to be secure . . . against unreasonable searches and seizures . . . ." In the context of a false arrest claim, "an arrestee's constitutional rights were violated if the arresting officer acted in the absence of probable cause that the person had committed a crime." Kaufman v. Higgs, 697 F.3d 1297, 1300 (10th Cir. 2012). Probable cause exists when a police officer has sufficient information "to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." Beck v. Ohio, 379 U.S. 89, 91 (1964). This is an objective standard and a court must consider the totality of the circumstances to determine whether a reasonable officer would have believed there was probable cause to make an arrest. Koch v. City of Del City, 660 F.3d 1228, 1239 (10th Cir. 2011). Probable cause "is measured at the moment the arrest occurs and must derive from facts and circumstances based on reasonably trustworthy information." Cortez v. McCauley, 478 F.3d 1108, 1121 (10th Cir. 2007). Once probable cause is established, a police officer is not required to search for exculpatory evidence before arresting a suspect. Cortez v. McCauley, 478 F.3d 1108, 1121 (10th Cir. 2007). A defendant is entitled to qualified immunity from a false arrest claim if there was "arguable

probable cause" to make an arrest. Kaufman v. Higgs, 697 F.3d 1297, 1300 (10th Cir. 2012). "The proper inquiry in a § 1983 claim based on false arrest is not whether the person arrested actually committed an offense, but whether the arresting officer had probable cause to believe that he had." Crawford ex. rel. Crawford v. Kansas City, Kansas, 952 F. Supp. 1467, 1474 (D. Kan. 1997) (citing Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988)).

Plaintiff claims that a reasonable police officer under the circumstances should have recognized that he was acting in self-defense, and Oklahoma's "Stand Your Ground" law provides immunity to any person whose uses force to protect himself on his own property. Oklahoma law recognizes that "the citizens of the State of Oklahoma have a right to expect absolute safety within their own homes . . . ." OKLA. STAT. tit. 21, § 1289.25. Law enforcement may use "standard procedures for investigating the use of force, but the law enforcement agency may not arrest the person for using force unless it determines that there is probable cause that the force that was used was unlawful." OKLA. STAT. tit. 21, § 1289.25.G. A presumption arises that a person is in "reasonable fear of imminent peril of death or great bodily harm to himself or herself" if the "person against whom the defensive force was used was in the process of unlawfully and forcefully entering, or had unlawfully and forcibly entered . . ." a dwelling or residence. OKLA. STAT. tit. 21, § 1289.25.B(1). This presumption does not apply if the "person against whom the defensive force is used has the right to be in or is a lawful resident" of the dwelling or residence. OKLA. STAT. tit. 21, § 1289.25.C.

Based on the facts stated in Cole's affidavit and plaintiff's complaint, it is apparent that defendants Cole and Curran had probable cause to arrest plaintiff for the crime of assault with a dangerous weapon. Oklahoma law states that "[e]very person who, with intent to do bodily harm

7

and without justifiable or excusable cause, commits any assault, battery, or assault and battery upon the person of another with any sharp or dangerous weapon . . . is guilty of a felony . . . ." OKLA. STAT. tit. 21, § 645. The elements of this offense are: "First, an assault and battery; Second, upon another person; Third, with a dangerous weapon; Fourth, without justification or excusable cause; Fifth, with intent to do bodily harm." Sherburn v. State, 787 P.2d 1282, 1284 (Okla. Crim. App. 1990). Cole and Curran responded to a 911 call and conducted an investigation, and they were told by Hill that plaintiff beat Hill with a stick and that the attack was unprovoked. Dkt. # 21, at 8. Hill also claimed that he paid rent to plaintiff and that he lived at the subject residence. Id. Cole considered plaintiff's statements that he had thrown Hill out of the residence the previous night and that Hill threatened to harm plaintiff. Id. Cole noted that Hill had suffered wounds on his face and head but plaintiff had not suffered any injuries. Id. These facts would have permitted a reasonably prudent police officer to believe that an assault and battery was committed against Hill and that plaintiff was responsible for causing Hill's injuries. Under the circumstances, Cole reasonably determined that a tree limb was a dangerous weapon. While a tree limb would not likely qualify as a per se dangerous weapon, law enforcement officials may consider "the manner in which the weapon is used if it is not a dangerous weapon per se." Sherburn, 787 P.3d at 1284; see also Huntley v. State, 750 P.2d 1134, 1136 (Okla. Crim. App. 1988) (bottle used as blunt force instrument was a dangerous weapon); Sankadota v. State, 591 P.2d 324, 326 (Okla. Crim. App. 1979) (boots qualified as dangerous weapons based on the manner of use). Hill stated that the attack was unprovoked and that he had paid rent to plaintiff, and this would support a belief by a reasonable police officer that plaintiff's use of force was without justification or excusable cause.

Thus, Cole's affidavit states facts sufficient to support a reasonable police officer's belief that plaintiff committed the offense of assault with a dangerous weapon.

Plaintiff argues that he was unlawfully arrested, even if probable existed to believe that he had committed assault with a dangerous weapon, because Cole failed to consider his claim of self-defense and that he was immune from arrest under § 1289.25. Plaintiff claims that Cole purposefully failed to include in his probable cause affidavit plaintiff's statements that Hill was unlawfully on the property and that Hill instigated the use of physical force. Dkt. # 26, at 3. However, Cole was faced with conflicting evidence as to whether plaintiff's use of force was lawful, and Cole was not required to ignore evidence tending to show that Hill was lawfully on the property and that Hill was not the aggressor. While § 1289.25 gives rise to a presumption that use of force is permissible in some circumstances, this presumption does not apply if force is used against a person who "has the right to be in or is the lawful resident" of the dwelling or residence. OKLA. STAT. tit. 21, § 1289.25.C. Hill told Cole that he paid rent to the plaintiff and that he had a lawful right to be on the premises, and Cole could reasonably have determined that plaintiff was not entitled to a presumption that his use of force was reasonable. The evidence also tended to suggest that plaintiff was not using "defensive" force. The probable cause affidavit states that plaintiff suffered no injuries but that Hill had wounds on his face and head. Viewed in conjunction with Hill's statements that the attack was unprovoked, a reasonable police officer could have determined that plaintiff was not using defensive force and that the Stand Your Ground law was inapplicable. Even though the misdemeanor charge against plaintiff was later dismissed, this fact has no relevance to plaintiff's claim of false arrest. Hannah v. City of Overland, Missouri, 795 F.2d 1385, 1389 (8th Cir. 1986). The issue is whether a reasonable police officer would have believed that probable cause

existed to arrest plaintiff based on the information readily available at the scene and witness interviews. Romero v. Fay, 45 F.3d 1472, 1476 (10th Cir. 1995). Defendants had sufficient facts to believe that plaintiff had committed the crime of assault with a dangerous weapon and the plaintiff was not using defensive force within the meaning of Oklahoma's Stand Your Ground law, and defendants are entitled to qualified immunity from plaintiff's false arrest claim.

Plaintiff also alleges a malicious prosecution claim against Cole and Curran, because he claims that he was arrested and subsequently charged with a crime without probable cause to believe that he had committed an offense. A malicious prosecution claim concerns the legal process itself, rather than the mere confinement of a person, and the Fourth Amendment does not apply when a person challenges only the "confinement after the institution of legal process . . . ." Wilkins v. DeReyes, 528 F.3d 790, 798 (10th Cir. 2008). Under Tenth Circuit precedent, a malicious prosecution claim under § 1983 has five elements: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." Id. at 799. The Court has already found that Cole and Curran had probable cause to arrest plaintiff for assault with a dangerous weapon, and this finding also applies to plaintiff's malicious prosecution claim. The existence of probable cause for plaintiff's arrest also disposes of his claim for malicious prosecution, and Cole and Curran are also entitled to qualified immunity from plaintiff's malicious prosecution claim. Kerns v. Bader, 663 Fl.3d 1173, 1190 (10th Cir. 2011).

**IT IS THEREFORE ORDERED** that the Motion of James Cole and Jimmie Curran to Dismiss Plaintiff's Complaint and Brief in Support Thereof (Dkt. # 11) is **granted**. A separate judgment is entered herewith.

**DATED** this 9th day of July, 2013.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE