UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LESLIE BROWN, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 12-CV-0577-CVE-PJC |
| | ) |
| JAMES COLE, JIMMIE CURRAN, | ) |
| TIM HARRIS and SEAN HILL, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Now before the Court is plaintiff's Motion for New Trial with Request for a Court Hearing (Dkt. ## 29, 31). Plaintiff asks the Court to reconsider its opinion and order (Dkt. # 27) granting defendants James Cole's and Jimmie Curran's motion for summary judgment (Dkt. # 11).[1] He argues that the Court erred by converting the motion to dismiss into a motion for summary judgment, and that the Court failed to consider the evidence in a light most favorable to plaintiff.[2] Defendants respond that there were no genuine issues of material fact precluding the entry of summary judgment in favor of defendants, and the motion to dismiss was converted into a motion

---

[1] Defendants Cole and Curran filed a motion to dismiss and plaintiff asked the Court to consider evidence outside of the pleadings when ruling on the motion. The Court converted the motion to dismiss into a motion for summary judgment and permitted the parties to submit additional arguments and evidence. See Dkt. # 22.

[2] Plaintiff asks the undersigned to recuse due to a "personal bias" against plaintiff, but he makes no specific allegations suggesting any possible basis for the undersigned's actual or perceived bias against plaintiff. Construing plaintiff's pro se filings broadly, he could be requesting recusal based on prior adverse rulings against him, but this is not a basis for recusal. Green v. Branson, 108 F.3d 1296, 1305 (10th Cir. 1997).

for summary judgment because plaintiff asked the Court to consider evidence outside of the pleadings. Dkt. # 36.

On June 26, 2012, Tulsa Police Department (TPD) Officers James Cole and Jimmie Curran responded to a 911 call from plaintiff's residence following an altercation between plaintiff and Samuel Hill. Dkt. # 27, at 2. When Cole and Curran arrived, they observed that Hill had been hit with a tree limb or stick and Hill had suffered injuries to his face and head. Id. Cole interviewed both plaintiff and Hill. Plaintiff claimed that he was acting in self defense and that had Hill verbally threatened and swung at plaintiff, and he alleged that Hill was intoxicated. Id. Plaintiff also told Cole that he had thrown Hill out of the residence the previous night. Id. However, Hill claimed that he paid rent to plaintiff and he had a right to be on the premises, and Hill alleged that plaintiff initiated the use of force. Id. Hill had wounds on his face and head and he was taken to a hospital for treatment, but plaintiff did not appear to be injured. Id. Cole took plaintiff into custody and plaintiff was booked on a felony charge of assault and battery with a dangerous weapon. Id. at 2-3. Plaintiff was subsequently charged with misdemeanor assault and battery. Id. at 3.

On October 17, 2012, plaintiff filed this case alleging that he was falsely arrested and maliciously prosecuted following an incident in which plaintiff struck Samuel Hill with his fists and a tree limb. Dkt. # 1, Plaintiff alleges that he was falsely arrested following an "incomplete and inadequate investigation" by Cole and Curran, and he claims that Cole failed to consider plaintiff's statements that he was acting self-defense and that he had thrown Hill off of the property on the previous night. The Court reviewed plaintiff's response to defendant's motion to dismiss, and plaintiff had attached to his response evidence outside of the pleadings. This evidence included an affidavit by Hill stating that he lied to the police after the incident on June 26, 2012. Dkt. # 21, at

12. The Court advised the parties that it would treat the motion to dismiss as a motion for summary judgment, and the parties were directed to submit any additional evidence or argument that should be part of the summary judgment record. Dkt. # 22. Plaintiff and defendants submitted supplemental briefing, but neither party provided any additional evidence. Dkt. ## 23, 26. On July 9, 2013, the Court entered an opinion and order granting defendants' motion for summary judgment. Dkt. # 27. The Court found that Cole and Curran were entitled to qualified immunity from plaintiff's claims, because they had probable cause to believe that plaintiff had committed a crime and plaintiff failed to show that he had immunity from arrest under Oklahoma's self-defense statute, OKLA. STAT. tit. 21, § 1289.25. Plaintiff argued that Hill had since retracted his statements that plaintiff initiated the use of force and that he resided with plaintiff, but the Court explained that probable cause was determined based on the information available to police officers at the time of the arrest. Dkt. # 27, at 6. The Court's finding that Cole and Curran had probable cause to arrest plaintiff disposed of plaintiff's false arrest and malicious prosecution claims. Id. at 10.

Plaintiff asks the Court to reconsider its opinion and order granting defendants' motion for summary judgment, because Hill has subsequently admitted to being the aggressor during the June 26, 2012 incident and Cole conducted an inadequate investigation into plaintiff's claim that he was acting in self defense. Dkt. ## 29, 30, 35. He argues that defendants' motion to dismiss should not have been converted into a motion for summary judgment, and the Court should have given him an opportunity to conduct discovery. Dkt. # 35, at 5.

Under Rule 59(e), a party may ask a district court to reconsider a summary judgment ruling when the district court has "misapprehended the facts, a party's position, or the controlling law." Barber ex rel. Barber v. Colo. Dep't of Revenue, 562 F.3d 1222, 1228 (10th Cir. 2009). "Grounds

warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Reconsideration is "not available to allow a party to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." FDIC v. United Pac. Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998) (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996)). "A Rule 59(e) motion to reconsider is designed to permit relief in extraordinary circumstances and not to offer a second bite at the proverbial apple." Syntroleum Corp. v. Fletcher Int'l, Ltd., 2009 WL 761322 (N.D. Okla. Mar. 19, 2009).

Considering that plaintiff is proceeding pro se, the Court has construed his filings liberally to determine if he has stated any ground on which it would have been improper to enter summary judgment in favor of defendants. However, plaintiff's request for reconsideration is based on the same arguments and evidence that he raised in his response and surreply to defendant's motion for summary judgment and for that reason alone his motion to reconsider could be denied. Plaintiff claims that the Court ignored evidence showing that Hill has retracted his initial statement that he made to police on June 26, 2012, but this is irrelevant to whether police had probable cause to arrest plaintiff. Even if Hill lied to the police and has since admitted to lying, the probable cause analysis "is measured at the moment the arrest occurs" and this is an objective standard. Koch v. City of Del City, 660 F.3d 1228, 1239 (10th Cir. 2011); Cortez v. McCauley, 478 F.3d 1108, 1121 (10th Cir. 2007). A police officer accused of false arrest is entitled to qualified immunity if he had "arguable probable cause" to make an arrest." Kaufman v. Higgs, 697 F.3d 1297, 1300 (10th Cir. 2012). Cole

4

and Curran arrived the scene and found that Hill had been beaten with a tree limb, and plaintiff appeared to be uninjured. Hill claimed that he had a right to be on the premises and that plaintiff was the aggressor. Plaintiff told Cole a conflicting story. Plaintiff stated that Hill instigated the use of physical force and that Hill had no right to be on the property. Plaintiff also claimed that Hill had been removed from the premises on the previous night. Even though Cole and Curran heard conflicting evidence, this did not negate the evidence showing that plaintiff had assaulted Hill and they had an arguable basis to arrest plaintiff. Plaintiff also argues that the Court erred by converting defendants' motion to dismiss into a motion for summary judgment. Dkt. # 35, at 3. The record clearly shows that plaintiff attached evidence to his response to defendants' motion and he asked the Court to consider this evidence in its decision. Dkt. # 21, at 4. The Court also gave plaintiff an opportunity to submit additional evidence after converting defendants' motion to dismiss into a motion for summary judgment. When a party expressly asks a district court to consider evidence outside of the pleadings, he is deemed to be on notice that a motion to dismiss may be converted into a motion for summary judgment and "he is scarcely in a position to claim unfair surprise or inequity." Arnold v. Air Midwest, Inc., 100 F.3d 857, 859 n.2 (10th Cir. 1996). The Court's decision to rule on defendants' motion under Fed. R. Civ. P. 56 is not a basis to reconsider the prior opinion and order (Dkt. # 27).

**IT IS THEREFORE ORDERED** that plaintiff's Motion for New Trial with Request for a Court Hearing (Dkt. ## 29, 31) is **denied**.

**DATED** this 30th day of September, 2013.

_Claire V. Eagan_
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

5